UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Tonya Withers

        v.                          Case No. 23-cv-281-SDE-AKJ

Hon. John J. McConnell, Jr.


## REPORT AND RECOMMENDATION

Plaintiff Tonya Withers, proceeding pro se and in forma pauperis, has filed a complaint against Chief Judge John J. McConnell, Jr., apparently in response to Judge McConnell's dismissal of six lawsuits plaintiff filed against three Rhode Island state court judges.[1]  Plaintiff's complaint has been referred to the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2).[2]

---

[1]See Withers v. Cruze, No. 23-286-JJM-PAS, Order of Dismissal (Doc. No. 4) (D.R.I. July 12, 2023), Withers v. Darigan, No. 23-290-JJM-PAS, Order of Dismissal (Doc. No. 4) (D.R.I. July 12, 2023); Withers v. McHugh, No. 23-289-JJM-PAS, Order of Dismissal (Doc. No. 4) (D.R.I. July 12, 2023);  Withers v. Cruze, No. 23-274-JJM-PAS, Order of Dismissal (Doc. No 4) (D.R.I. July 7, 2023); Withers v. Darigan, No. 23-275-JJM-PAS, Order of Dismissal (Doc. No. 4) (D.R.I. July 7, 2023); Withers v. McHugh, No. 23-276-JJM-PAS, Order of Dismissal (Doc. No. 4) (D.R.I. July 7, 2023).

[2]As all the judges sitting in the District of Rhode Island have recused themselves, the case was referred to this District. See Transfer Order (Doc. No. 6).

## **Preliminary Review Standard**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989). When a party proceeds in forma pauperis, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. Neitzke, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain

"the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## Factual Allegations

Although the complaint contains few facts, the gist of this lawsuit is that Judge McConnell erred when he dismissed plaintiff's lawsuits against the Rhode Island judges.

## Discussion

Plaintiff's claim against Judge McConnell is barred by the doctrine of absolute judicial immunity and should therefore be dismissed. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory." Id. at 617. "[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Id. at 617 n.10 (citation omitted).

Plaintiff's claim in this suit indisputably arises from Judge McConnell's adjudicatory actions taken in plaintiff's

lawsuits against the Rhode Island judges. To the extent that plaintiff believes that the dismissals were the product of legal error, her recourse is appeal to the Court of Appeals for the First Circuit, not a separate lawsuit against the judge. See Forrester v. White, 484 U.S. 219, 225 (1988) (describing judicial immunity as "helping to establish appellate procedure as the standard system for correcting judicial error.").[3] Accordingly, the district judge should dismiss this case.

## Conclusion

Based on the foregoing, the district judge should dismiss this case based on judicial immunity.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to

---

[3]Plaintiff has appealed some of Judge McConnell's rulings. See Withers v. McHugh, No. 23-1569 (1st. Cir. Notice of Appeal filed July 12, 2023); Withers v. Cruze, No. 23-1577 (1st Cir. Notice of Appeal filed July 13, 2023); Withers v. Darigan, No. 23-1578 (1st Cir. Notice of Appeal filed July 13, 2023).

file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016)

_____
Andrea K. Johnstone
United States Magistrate Judge

July 20, 2023

cc:  Tonya Withers, pro se